[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION TO MODIFY # 158 — MOTION FOR CONTEMPT #160
These are post judgement motions. The defendant claims that a material change in circumstances warrants a reduction in the alimony award made at the time of judgement on November 9, 1993 The plaintiff asserts that the defendant has intentionally withheld alimony payments and claims an arrearage and sanctions seeking her attorney's fee.
The parties agree that the arrearage is in fact $1,451.25, representing 12 weeks of alimony payments. The current alimony award is 125.00 per week. The defendant argues that because of failing health he has had a reduction in his earnings as a shoe repairer and has been unable to make his alimony payment without invading his savings.
In order for the defendant to sustain his claim for a reduction in alimony he must show a substantial change in circumstances. Rubin v Rubin 204 Conn. 224-35, 527 A.2d 1184
(1987). This change need not be a change necessarily in the defendant's circumstances but a change in the circumstances of either party. Id, 235. The court finds that the defendant's change of circumstances has been minimal. The court agrees with plaintiff's counsel that the court should not consider the increase in the plaintiff's mortgage payments since that expense was anticipated in order to finance the court-ordered lump sum payments to the plaintiff. CT Page 9712
There has, nonetheless, been an material change in the financial circumstances of the plaintiff. At the time of the dissolution the plaintiff was unemployed and her financial affidavit at that time reflected "zero" income. Since the time of the dissolution the plaintiff has enrolled in school in order to qualify as an "aide" for elderly people and now is gainfully employed with a income of $271.00 per week even in spite of her reduced work schedule because of a recent automobile accident. The court finds that the increase in the plaintiff's earnings is a material change in circumstances that warrants a reduction of the current alimony award. The court, therefore, will reduce the award of periodic alimony to 62.00 per week. When the parties first appeared in court on the instant motion for modification on April 22, 1996, the plaintiff agreed and Judge Shortall, before whom they appeared, ordered that any orders regarding modification would be retroactive to that date. Therefore, the reduction of periodic alimony will be effective as of April 22, 1996.
The court does not feel that the defendant has demonstrated any justifiable reasons for not paying the court ordered alimony. The fact that he was forced to pay alimony from savings is not sufficient reason for withholding these payments. The court will award the plaintiff $500.00 as a partial reimbursement of her attorney's fee and expenses as a sanction for his failure to comply with this court order.
PELLEGRINO (J)